SEALED    FILED

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

MAR 20 2018

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

| In the Matter of the Search of | ) | |
| A silver colored LG Cell Phone, Serial | ) | |
| #712CYRN171934, assigned telephone number 562- | ) | Case No. |
| 294-8771; A white colored LG Cell Phone, assigned | ) | |
| telephone number 424-264-7713; A silver colored | ) | 1: 1 8 SW   0 0 1 1 7 BAM |
| Apple iPhone; A black colored Samsung Galaxy JS | ) | |
| Emerge Cell Phone | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____ Eastern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 21 USC 846, 841(a)(1) | Conspiracy to distribute and possess with the intent to distribute a controlled substance |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

BERNARDO VERRERA    DETECTIVE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _3/20/18_

_____
*Judge's signature*

City and state:  Fresno, California

Barbara A. McAuliffe, U.S. Magistrate Judge

## ATTACHMENT "A"

### ITEMS TO BE SEARCHED

1. SUBJECT TELEPHONE #1: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-009, silver colored LG Cell Phone, Serial #: 712CYRN171934, assigned telephone number **562-294-8771,** seized from Julian AISPURO on 2/21/2018.

2. SUBJECT TELEPHONE #2: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-008, a white colored LG Cell Phone, assigned telephone number **424-264-7713**, seized from Abel CASTRO on 2/21/2018.

3. SUBJECT TELEPHONE #3: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-007, a silver colored Apple IPhone, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

4. SUBJECT TELEPHONE #4: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-006, a black colored Samsung Galaxy JS Emerge Cell Phone in black leather case, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

## ATTACHMENT "B"

SEIZURE OF THE FOLLOWING ITEMS/INFORMATION CONTAINED ON THE DEVICES
SET FORTH IN ATTACHMENT "A:

1. All records or ownership found in any application, electronic storage bank or function of each device listed in Attachment "A".

2. All contents of text found in any application, electronic storage bank or function of each device listed in Attachment "A".

3. All records of phone calls either made, received or missed, found in any application, electronic storage bank or function of each device listed in Attachment "A".

4. All contacts, associates, digital address books or known persons found in any application, electronic storage bank or function of each device listed in Attachment "A".

5. Digital media such as photos, videos or audio files found in any application, electronic storage bank or function of each device listed in Attachment "A"

6. All financial data including banking sites, applications, electronic statements, account listings and usage found in any application, electronic storage bank or function of each device listed in Attachment "A".

7. All security, anti-tamper, anti-theft or anti-hacking information found in any application, electronic storage bank or function of each device listed in Attachment "A".

8. All location data such as maps, waypoints, coordinates, intersections or navigational points found in any application, electronic storage bank or function of each device listed in Attachment "A".

9. Records of internet activity, including but not limited to firewall logs, caches, internet browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, records of user-typed web addresses, and, any applicable downloads found in any application, electronic storage bank or function of each device listed in Attachment "A".

10. All documents, files, text, media or images, not specifically referred to in items one through eight of this attachment that refer to or reflect information relating to narcotics trafficking, financial information, ownership, trade or travel found in any application, electronic storage bank or function of each device listed in Attachment "A".

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR

## A WARRANT TO SEARCH AND SEIZE

I, Bernardo Verbera, Deputy Sheriff, Fresno County Sheriff's Office, Homeland Security Investigations Task Force Officer, being duly sworn, do depose and state:

### I.        INTRODUCTION AND AGENT BACKGROUND INFORMATION

1.        I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – electronic devices – which are currently in law enforcement possession, and the extraction from that property of electronically stored information further described in Attachment B.

2.        I am a Deputy Sheriff with the Fresno County Sheriff's Office assigned as a Narcotics Detective and a Federal Law Enforcement Task Force Officer (TFO) with the Department of Homeland Security (DHS), United States Homeland Security Investigations (HSI), pursuant to Title 19 of the US Code. I am authorized to enforce federal laws and apply for and execute federal search warrants. I am presently assigned to the Fresno Meth Task Force, a High Intensity Drug Trafficking Area Initiative (HIDTA). I have been employed as a Deputy Sheriff with the Fresno County Sheriff's Office for approximately fifteen years and as a Narcotics Detective for the past five years. I have been a HSI TFO for approximately three years, being cross-designated as a TFO on 04/10/15. As part of my daily duties as a Detective / TFO, I investigate narcotics offenses in violation of the State of California Penal Code and Health and Safety Code, along with 21 USC § 841(a) (1). I have received training in the area of narcotic investigation having completed 80 hours of ICI Major Drug Investigation POST certified course, completed a 40 hour Clandestine Laboratory Investigation/Safety Certification Program, I completed an 8 hour Electronic Surveillance certification course as authorized in Chapter 1.4 commencing with Section 629.50 of the California Penal Code, I have received an approximate 96 hours of training at California Narcotic Officer's Association (CNOA) Annual Training

1

Institutes, and I have completed John Reid and Associates basic Interviewing and Interrogation course and the advanced Interviewing and Interrogation course. I have continued in my present assignment in the field of narcotic investigations, attending various other courses, conferences, and recertification's.

3.     My present assignment consists of investigating narcotic offenses, including the production, importation, transportation, distribution, and sales of numerous illicit drugs. These investigations specifically include, but are not limited to, investigations of subjects and/or criminal organizations involved in the manufacturing and/or trafficking of methamphetamine, precursor chemicals, marijuana, cocaine, heroin, and various other narcotics. I am familiar with, and have participated in, all of the conventional investigative methods, including, but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses, search warrants, confidential informants, pen registers, trap and trace, and the use of undercover agents. I have participated in a multitude of investigations involving the commission of felony narcotics and conspiracy. I have worked and conferred with various experienced law enforcement officers who were trained in narcotic investigations, and I have drawn from their knowledge and expertise in the field of narcotic enforcement. I have spoken with and arrested various suspects engaged in the use of controlled substances. I have participated in over six (6) narcotics trafficking wiretap investigations, including methamphetamine trafficking offenses. I have debriefed multiple individuals who were charged with narcotics trafficking offenses, including methamphetamine trafficking offenses. Based on my training and experience, I have become familiar with the habits and practices commonly used by individuals who engage in the distribution and sales of narcotics.

4.     Based upon my training, experience, interviews, and participation in other drug related investigations involving controlled substances, I know the follows:

a)     Electronic media, to include cellular telephones, computers and external hard drives are often used by narcotics traffickers in the commission of narcotics related

2

crimes.

b)      Narcotics traffickers often use cellular telephones to communicate with co-conspirators to coordinate the shipment of narcotics and to arrange pick up and drop off locations. I know that the date, time, duration, and number dialed of telephone calls between co-conspirators can be obtained through cellular telephone records.

c)      Narcotics traffickers often use computers and external electronic storage media such as external hard drives, thumb drives, compact discs and various other types of electronic storage methods.

d)      These various forms of electronic media are used to orchestrate drug transactions between conspirators, communicate with other narcotics traffickers and sources of supply, maintain drug proceeds ledgers, drug shipment and storage information, photographs of narcotics and proceeds from narcotics sales as well as other financial information such as records of banking transactions, account balances and funds transfers

5.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts stated in this affidavit are based upon my personal knowledge and law enforcement reports, which I have received, and upon my conversations with others that have personal knowledge pertaining to this case.

## II.     <u>IDENTIFICATION OF DEVICES TO BE EXAMINED</u>

6.      The property to be searched hereinafter referred to as:

a)      SUBJECT TELEPHONE #1, a cellular phone, identified and tracked under Fresno Methamphetamine Task Force (FMTF) case number FM2018-00020 evidence item #002-009, silver colored LG Cell Phone, Serial #712CYRN171934, assigned telephone number **562-294-8771** seized from Julian AISPURO on 2/21/2018;

3

b)      SUBJECT TELEPHONE #2: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-008, a white colored LG Cell Phone, assigned telephone number **424-264-7713**, seized from Abel CASTRO on 2/21/2018;

c)      SUBJECT TELEPHONE #3: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-007, a silver colored Apple IPhone, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018;

d)      SUBJECT TELEPHONE #4: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-006, a black colored Samsung Galaxy JS Emerge Cell Phone in black leather case, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018, are specifically set forth in Attachment A and incorporated herein by reference.

7.      The SUBJECT TELEPHONES in Attachment A were seized incident to arrest.

8.      Application for a warrant is made to authorize forensic examination of the SUBJECT TELEPHONES described in Attachment A for purposes of identifying electronically stored data as described in Attachment B.

### III.      PROBABLE CAUSE

9.      During the month of February 2018, FMTF Task Force Agent Jose Rivera received information from a Confidential Informant (CI) that an individual only known by the alias of "Guerro," was involved in the distribution and transportation of large quantities of crystal methamphetamine and heroin from Mexico into the United States. According to the CI, "Guerro" utilized Mexico based telephone number 001-51-1-332-037-4926. "Guerro" utilized other members of his Drug Trafficking Organization (DTO) to assist with the distribution of

4

methamphetamine and heroin. "Guerro" provided the CI a telephone number of one of his cell members operating in the United States. During the third week of February 2018, the CI started telephone communications with a subject (later determined after his arrest to be Julian AISPURO) utilizing telephone number **562-294-8771 (SUBJECT TELEPHONE #1)**.

10.    The CI portrayed themselves as both a broker and purchaser of controlled substances. The CI had agreed to telephonically introduce an undercover (UC) officer as a purchaser of multi-pounds of methamphetamine. The UC was utilizing a telephone number with a Washington based area code that recorded all incoming and outgoing calls/texts.

11.    On Thursday February 15, 2018, the UC began to communicate with AISPURO over **SUBJECT TELEPHONE #1**. AISPURO had agreed to sell the UC multi-pounds of methamphetamine but stated he (AISPURO) only had "10 parts." AISPURO spoke in code when referring to the pounds of methamphetamine as "car parts." Based on my training and experience, I know that experienced drug traffickers will often talk in vague or code language when referencing narcotics'; this is in case Law Enforcement is monitoring or "tapping" the phone calls.

12.    The UC advised AISPURO that he (UC) needed a "bigger motor" (more than 10 pounds of methamphetamine). AISPURO informed the UC, that if the UC was willing to wait, AISPURO was expecting to receive more [methamphetamine] for the upcoming weekend. The UC agreed. AISPURO and the UC remained in telephone contact.

13.    Over the course of several more recorded phone calls between the UC and AISPURO over **SUBJECT TELEPHONE #1**, AISPURO had agreed to sell the UC 30 pounds of methamphetamine for $3,000.00 per pound. AISPURO was also under the impression that he (AISPURO) would be delivering additional narcotics for the CI.

14.    On February 20, 2018, FMTF Task Force Agent Jose Rivera authored a search warrant for a Pen Register and Trap and Trace of **SUBJECT TELEPHONE #1**. The Honorable Judge Edward Sarkisian, of the Superior State Court of California, County of Fresno, granted the

5

search warrant for **SUBJECT TELEPHONE #1**.

15.     On February 21, 2018, AISPURO had agreed to meet the UC in the City of Fresno to complete the above aforementioned transaction. I was assigned as the Case Agent of this operation. I held briefing at our FMTF office and everyone involved was given their respective assignment. The UC was provided with an electronic device that captured and transmitted conversations, more commonly referred to as a "body wire." I monitored the "body wire" and relayed information to the rest of the assisting team members.

16.     On the afternoon of February 21, 2018, AISPURO called the UC to advise that "they" would be traveling to the City of Fresno. Precise Data Location had **SUBEJCT TELEPHONE #1**, traveling northbound from the City of Los Angeles towards the City of Fresno. Simultaneously the Pen Register captured several calls between **SUBJECT TELEPHONE #1**, and telephone number **424-264-7713** later determined to be **SUBJECT TELEPHONE #2**; this led me to believe that AISPURO was traveling in tandem with another vehicle. Based on my training and experience, I know that when large narcotics' transactions are to take place with parties for the first time, it is common that the narcotics' be transported in a separate vehicle apart from the person negotiating the transaction. This is because the person negotiating the transaction must feel comfortable that the party has the means to pay for the narcotics and is not associated with Law enforcement.

17.     At 5:09 PM, the UC met with AISPURO in the parking lot behind the Denny's restaurant located at 2568 S. East Avenue in the City of Fresno. AISPURO arrived by himself in a Toyota Scion, California license 5TLH732. The UC recognized AISPURO's voice as the same user of SUBJECT TELEPHONE #1. AISPURO told the UC that the narcotics were in a different vehicle, described as a Malibu, occupied by AISPURO's cousin (later determined to be Abel CASTRO) and his cousin's (CASTRO) girlfriend (later determined to be Tauri VALERA). AISPURO told the UC that the Malibu was parked nearby at the In-and-Out restaurant.

18.     AISPURO went on to describe how the narcotics were concealed in the Malibu.

6

AISPURO stated that "25" were concealed in the spare tire and an additional "5" were in a gift box. I interpreted this to mean that 25 pounds of methamphetamine were in the spare tire and 5 pounds were in a gift box. The UC requested that AISPURO have the Malibu meet at their current location. The UC was standing next to AISPURO and observed AISPURO make an outgoing call. The UC was also able to over hear what AISPURO was telling the person on the other line. AISPURO told the person on the other line something to the effect of, "Hey fool, come over to the where the Denny's is at. I'm going to hop in the truck with this fool and then he's going to follow us. Everything straight. I've seen everything." This led me to believe that AISPURO was assuring the caller that it was "safe" to meet with the other party (UC).

19.     Shortly thereafter I observed a Malibu, California license 7KJY811, drive to an adjacent hotel (Vagabond Hotel). This Malibu drove past me and I noticed the driver, later identified as CASTRO with the front right passenger later identified as VALERA. The UC told AISPURO that he (UC) wanted to see "it" (methamphetamine) before proceeding. The UC and AISPURO walked over to the Malibu. AISPURO told CASTRO to "pop it open." CASTRO told AISPURO to "push the button.". The UC and AISPURO walked to the trunk of the Malibu while CASTRO and VALERA remained seated inside.

20.     AISPURO showed the UC the spare tire and a gift box located inside the trunk. The UC gave the predetermined "bust" signal notifying the arrest teams to start converging. AISPURO instructed CASTRO to "post up on the other side." CASTRO traveled in an eastbound direction through the parking lot as the arrest team converged. Task Force Agent Jeremy Carrillo activated his emergency lights identifying himself as Law Enforcement personnel, as he drove towards the Malibu driven by CASTRO. CASTRO veered around TFA J. Carrillo's vehicle and sped away towards the exit. Task Force Commander Brent Wood blocked the exit with his vehicle before CASTRO could escape. CASTRO locked his breaks but not before colliding with TFC B. Wood's vehicle. CASTRO fled on foot but was quickly apprehended. VALERA and AISPURO were arrested without incident.

7

21.     AISPURO was found in possession **of SUBJECT TELEPHONE #1**.  CASTRO was found in possession of **SUBEJCT TELEPHONE #2**.  In the Malibu occupied by CASTRO and VALERA, Task Force Agents recovered **SUBJECT TELEPHONE #3**, and **SUBJECT TELEPHONE #4**.  Furthermore in the trunk of the Malibu Task Force Agents confiscated approximately 28.9 pounds gross weight of methamphetamine and 1.3 pounds gross weight of heroin.  Also located in the back seat of the Malibu was a loaded operable handgun.

22.     On scene, TFA Dan Hoslett conducted a drug screen on the suspected methamphetamine and the test came back positive for the presence of methamphetamine.  On February 22, 2018, TFA Steve Stover conducted a presumptive narcotics' test on the suspected heroin. This test yielded a positive result for heroin.

23.     I conducted a post-Miranda interview of CASTRO. In summary, CASTRO denied knowledge of the narcotics and gun. CASTRO stated he thought "it was just a ride" and his girl (VALERA) had nothing to do with it.  CASTRO also gave consent for Task Force Agents to view his telephone **SUBJECT TELEPHONE #2**.  AISPURO's phone **SUBJECT TELEPHONE #1** was captured on CASTROS' phone **SUBJECT TELEPHONE #2**.

24.     I conducted a post-Miranda interview of VALERA.  VALERA stated they (VALERA and CASTRO) were going to visit a friend and she was going to apply for a stripper job.  VALERA admitted that the Malibu belonged to her.  VALERA stated that those things were not in her car, including the spare tire, when she left her home.  VALERA later stated she was going to get paid 1,000.00 for picking up a friend.

25.     Based on my training and experience and the above mentioned facts, I believe AISPURO arrived at the Denny's parking lot in Fresno for the purpose of selling 30 pounds of methamphetamine and half a kilogram of heroin.  AISPURO worked in concert with his cousin CASTRO and CASTRO's girlfriend VALERA, who both (CASTRO/VALERA) transported the methamphetamine and heroin while armed with a firearm.  I believe this based on the actions in meeting the UC, the methamphetamine and heroin confiscated, and the actions of CASTRO

8

trying to flee upon noticing Law Enforcement presence.  Moreover, based on my training and experience, I know that individuals engaged in drug trafficking, including those transporting narcotics, often bring other individuals with them to create the appearance of being engaged in some sort of non-criminal activity.  An example of this girlfriends or female friends agreeing to accompany them on deliveries to create the appearance of engaging in a common or routine activity.

26.     Based on the aforementioned facts and circumstances, it is my opinion that a search of the **SUBJECT TELEPHONES** will document the extent of this DTO and other unidentified co-conspirators' involvement in the trafficking of narcotics; aid investigators in identifying co-conspirators; and identify financial institutions and accounts that this DTO utilizes to transfer and hide proceeds from narcotics sales.

27.     The **SUBJECT TELEPHONES** are currently in storage with the California Department of Justice Fresno Regional Office, Fresno Methamphetamine Task Force.  In my training and experience, I know that the devices referred to as the **SUBJECT TELEPHONES** listed in Attachment A are stored in a manner in which the contents of each device are, to the extent material to this investigation, in substantially the same state as they were when they first came into the possession of FMTF.

## IV.     ELECTRONIC STORAGE AND FORENSIC ANALYSIS

28.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long period of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

29.     Forensic Evidence.  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how

9

the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device(s) because:

a)      Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently alive. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b)      Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c)      A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d)      The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to

10

understand other evidence also falls within the scope of the warrant.

      e)      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

    30.    Nature of Examination.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

    31.    Manner of Execution.  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is a reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## V.    <u>CONCLUSION</u>

    32.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **SUBJECT TELEPHONES** described in Attachment A to seek the items described in Attachment B.

*///*

*///*

*///*

*///*

*///*

*///*

*///*

11

33.     I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct to the best of my knowledge and belief.

Bernardo Verbera, Detective
Fresno County Sheriff's Office
Task Force Officer
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me, and subscribed in my presence,

this $\mathscr{20}$ day of March, 2018.

Hon. Barbara A. McAuliffe
United States Magistrate Judge

Reviewed and approved as to form and content

this 19TH day of March, 2018.

/s/ Laurel J. Montoya
Laurel J. Montoya
Assistant U.S. Attorney

12.

SEALED


# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of | ) |
| | ) |
| | ) |
| A silver colored LG Cell Phone, Serial #: 712CYRN171934, | ) Case No.    1: 1 8 SW   0 0 1 1 7 BAM |
| assigned telephone number 562-294-8771 | ) |
| | ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____ 4/2/18 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  _3/20/18   3:01 pm_        _____
                                                                                    *Judge's signature*

City and state:     Fresno, California                    Barbara A. McAuliffe, U.S. Magistrate Judge
                                                                                    *Printed name and title*

# ATTACHMENT "A"

## ITEMS TO BE SEARCHED

1. SUBJECT TELEPHONE #1: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-009, silver colored LG Cell Phone, Serial #: 712CYRN171934, assigned telephone number **562-294-8771,** seized from Julian AISPURO on 2/21/2018.

2. SUBJECT TELEPHONE #2: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-008, a white colored LG Cell Phone, assigned telephone number **424-264-7713**, seized from Abel CASTRO on 2/21/2018.

3. SUBJECT TELEPHONE #3: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-007, a silver colored Apple IPhone, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

4. SUBJECT TELEPHONE #4: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-006, a black colored Samsung Galaxy JS Emerge Cell Phone in black leather case, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

## **ATTACHMENT "B"**

SEIZURE OF THE FOLLOWING ITEMS/INFORMATION CONTAINED ON THE DEVICES
SET FORTH IN ATTACHMENT "A:

1. All records or ownership found in any application, electronic storage bank or function of
   each device listed in Attachment "A".

2. All contents of text found in any application, electronic storage bank or function of each
   device listed in Attachment "A".

3. All records of phone calls either made, received or missed, found in any application,
   electronic storage bank or function of each device listed in Attachment "A".

4. All contacts, associates, digital address books or known persons found in any application,
   electronic storage bank or function of each device listed in Attachment "A".

5. Digital media such as photos, videos or audio files found in any application, electronic
   storage bank or function of each device listed in Attachment "A"

6. All financial data including banking sites, applications, electronic statements, account
   listings and usage found in any application, electronic storage bank or function of each
   device listed in Attachment "A".

7. All security, anti-tamper, anti-theft or anti-hacking information found in any application,
   electronic storage bank or function of each device listed in Attachment "A".

8. All location data such as maps, waypoints, coordinates, intersections or navigational
   points found in any application, electronic storage bank or function of each device listed
   in Attachment "A".

9. Records of internet activity, including but not limited to firewall logs, caches, internet
   browser history and cookies, "bookmarked" or "favorite" web pages, search terms that
   the user entered into any internet search engine, records of user-typed web addresses, and,
   any applicable downloads found in any application, electronic storage bank or function of
   each device listed in Attachment "A".

10. All documents, files, text, media or images, not specifically referred to in items one
    through eight of this attachment that refer to or reflect information relating to narcotics
    trafficking, financial information, ownership, trade or travel found in any application,
    electronic storage bank or function of each device listed in Attachment "A".

1



# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| | ) | |
| | ) | |
| A white colored LG Cell Phone, assigned telephone number | ) | Case No. |
| 424-264-7713 | ) | **T: 1 8 SW 0 0 1 1 7 BAM** |
| | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____ 4/2/18 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____

Date and time issued:    3/20/18  3:02 pm                     _____
                                                                                                                    *Judge's signature*

City and state:        Fresno, California                          Barbara A. McAuliffe, U.S. Magistrate Judge
                                                                                                  *Printed name and title*

## ATTACHMENT "A"

### ITEMS TO BE SEARCHED

1. SUBJECT TELEPHONE #1: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-009, silver colored LG Cell Phone, Serial #: 712CYRN171934, assigned telephone number **562-294-8771,** seized from Julian AISPURO on 2/21/2018.

2. SUBJECT TELEPHONE #2: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-008, a white colored LG Cell Phone, assigned telephone number **424-264-7713**, seized from Abel CASTRO on 2/21/2018.

3. SUBJECT TELEPHONE #3: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-007, a silver colored Apple IPhone, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

4. SUBJECT TELEPHONE #4: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-006, a black colored Samsung Galaxy J5 Emerge Cell Phone in black leather case, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

## ATTACHMENT "B"

SEIZURE OF THE FOLLOWING ITEMS/INFORMATION CONTAINED ON THE DEVICES
SET FORTH IN ATTACHMENT "A:

1. All records or ownership found in any application, electronic storage bank or function of each device listed in Attachment "A".

2. All contents of text found in any application, electronic storage bank or function of each device listed in Attachment "A".

3. All records of phone calls either made, received or missed, found in any application, electronic storage bank or function of each device listed in Attachment "A".

4. All contacts, associates, digital address books or known persons found in any application, electronic storage bank or function of each device listed in Attachment "A".

5. Digital media such as photos, videos or audio files found in any application, electronic storage bank or function of each device listed in Attachment "A"

6. All financial data including banking sites, applications, electronic statements, account listings and usage found in any application, electronic storage bank or function of each device listed in Attachment "A".

7. All security, anti-tamper, anti-theft or anti-hacking information found in any application, electronic storage bank or function of each device listed in Attachment "A".

8. All location data such as maps, waypoints, coordinates, intersections or navigational points found in any application, electronic storage bank or function of each device listed in Attachment "A".

9. Records of internet activity, including but not limited to firewall logs, caches, internet browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, records of user-typed web addresses, and, any applicable downloads found in any application, electronic storage bank or function of each device listed in Attachment "A".

10. All documents, files, text, media or images, not specifically referred to in items one through eight of this attachment that refer to or reflect information relating to narcotics trafficking, financial information, ownership, trade or travel found in any application, electronic storage bank or function of each device listed in Attachment "A".

1



# UNITED STATES DISTRICT COURT

## for the

### Eastern District of California

| | |
|---|---|
| In the Matter of the Search of | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| A silver colored Apple iPhone | Case No.  1: 1 8 SW  0 0 1 1 7 BAM |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the            Eastern          District of                California                
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____4/2/18_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐  Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐    for _____ days *(not to exceed 30)* ☐  until, the facts justifying, the later specific date of _____

Date and time issued:     3/20/18   3:02pm                                              
                                                                            *Judge's signature*

City and state:       Fresno, California                           Barbara A. McAuliffe, U.S. Magistrate Judge
                                                                        *Printed name and title*

## ATTACHMENT "A"

### ITEMS TO BE SEARCHED

1. SUBJECT TELEPHONE #1: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-009, silver colored LG Cell Phone, Serial #: 712CYRN171934, assigned telephone number **562-294-8771,** seized from Julian AISPURO on 2/21/2018.

2. SUBJECT TELEPHONE #2: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-008, a white colored LG Cell Phone, assigned telephone number **424-264-7713**, seized from Abel CASTRO on 2/21/2018.

3. SUBJECT TELEPHONE #3: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-007, a silver colored Apple IPhone, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

4. SUBJECT TELEPHONE #4: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-006, a black colored Samsung Galaxy JS Emerge Cell Phone in black leather case, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

## ATTACHMENT "B"

SEIZURE OF THE FOLLOWING ITEMS/INFORMATION CONTAINED ON THE DEVICES
SET FORTH IN ATTACHMENT "A:

1. All records or ownership found in any application, electronic storage bank or function of
   each device listed in Attachment "A".

2. All contents of text found in any application, electronic storage bank or function of each
   device listed in Attachment "A".

3. All records of phone calls either made, received or missed, found in any application,
   electronic storage bank or function of each device listed in Attachment "A".

4. All contacts, associates, digital address books or known persons found in any application,
   electronic storage bank or function of each device listed in Attachment "A".

5. Digital media such as photos, videos or audio files found in any application, electronic
   storage bank or function of each device listed in Attachment "A"

6. All financial data including banking sites, applications, electronic statements, account
   listings and usage found in any application, electronic storage bank or function of each
   device listed in Attachment "A".

7. All security, anti-tamper, anti-theft or anti-hacking information found in any application,
   electronic storage bank or function of each device listed in Attachment "A".

8. All location data such as maps, waypoints, coordinates, intersections or navigational
   points found in any application, electronic storage bank or function of each device listed
   in Attachment "A".

9. Records of internet activity, including but not limited to firewall logs, caches, internet
   browser history and cookies, "bookmarked" or "favorite" web pages, search terms that
   the user entered into any internet search engine, records of user-typed web addresses, and,
   any applicable downloads found in any application, electronic storage bank or function of
   each device listed in Attachment "A".

10. All documents, files, text, media or images, not specifically referred to in items one
    through eight of this attachment that refer to or reflect information relating to narcotics
    trafficking, financial information, ownership, trade or travel found in any application,
    electronic storage bank or function of each device listed in Attachment "A".



SEALED ISSUED

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

COPY

| In the Matter of the Search of | ) | |
| | ) | |
| | ) | Case No.    T: 1 8 SW   0 0 1 1 7 BAM |
| A black colored Samsung Galaxy JS Emerge Cell Phone | ) | |
| | ) | |
| | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____California_____ *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____4/3/18_____ *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐    for _____ days *(not to exceed 30)*  ☐  until, the facts justifying, the later specific date of _____.

Date and time issued:    3/20/18   3:02pm    _____
                                                                                            *Judge's signature*

City and state:       Fresno, California    _____    Barbara A. McAuliffe, U.S. Magistrate Judge
                                                                                            *Printed name and title*

# ATTACHMENT "A"

## ITEMS TO BE SEARCHED

1. SUBJECT TELEPHONE #1: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-009, silver colored LG Cell Phone, Serial #: 712CYRN171934, assigned telephone number **562-294-8771,** seized from Julian AISPURO on 2/21/2018.

2. SUBJECT TELEPHONE #2: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-008, a white colored LG Cell Phone, assigned telephone number **424-264-7713**, seized from Abel CASTRO on 2/21/2018.

3. SUBJECT TELEPHONE #3: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-007, a silver colored Apple IPhone, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

4. SUBJECT TELEPHONE #4: a cellular phone, identified and tracked under FMTF case number FM2018-00020 evidence item #002-006, a black colored Samsung Galaxy JS Emerge Cell Phone in black leather case, seized from the center console of Chevrolet Malibu (CA license: 7KJY811), occupied by Abel CASTRO and Tauri VALERA on 2/21/2018.

## ATTACHMENT "B"

SEIZURE OF THE FOLLOWING ITEMS/INFORMATION CONTAINED ON THE DEVICES SET FORTH IN ATTACHMENT "A:

1. All records or ownership found in any application, electronic storage bank or function of each device listed in Attachment "A".

2. All contents of text found in any application, electronic storage bank or function of each device listed in Attachment "A".

3. All records of phone calls either made, received or missed, found in any application, electronic storage bank or function of each device listed in Attachment "A".

4. All contacts, associates, digital address books or known persons found in any application, electronic storage bank or function of each device listed in Attachment "A".

5. Digital media such as photos, videos or audio files found in any application, electronic storage bank or function of each device listed in Attachment "A"

6. All financial data including banking sites, applications, electronic statements, account listings and usage found in any application, electronic storage bank or function of each device listed in Attachment "A".

7. All security, anti-tamper, anti-theft or anti-hacking information found in any application, electronic storage bank or function of each device listed in Attachment "A".

8. All location data such as maps, waypoints, coordinates, intersections or navigational points found in any application, electronic storage bank or function of each device listed in Attachment "A".

9. Records of internet activity, including but not limited to firewall logs, caches, internet browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, records of user-typed web addresses, and, any applicable downloads found in any application, electronic storage bank or function of each device listed in Attachment "A".

10. All documents, files, text, media or images, not specifically referred to in items one through eight of this attachment that refer to or reflect information relating to narcotics trafficking, financial information, ownership, trade or travel found in any application, electronic storage bank or function of each device listed in Attachment "A".